KEASLER, J.,
filed this dissenting opinion in which HERVEY, J., joined.
Today, the majority comes to the breathtaking conclusion that a trial judge abuses his discretion in limiting closing arguments to twenty minutes in a trial where the testimony of eleven witnesses lasted a mere day and a half. Additionally, it sets out a “nonexclusive list of factors” that trial judges must henceforth consider in limiting argument. I suppose the fact that it is nonexclusive gives us leeway to whimsically add more factors later when we second guess their decisions.
The Court of Appeals correctly decided the case, but I disagree with its statement that this is a close case. It is not close at all. I think the majority could search both federal and state precedent until doomsday to find another case where an appellate court reversed a case under similar facts. Indeed, it had to go back more than one hundred ten years to find cases where we reversed a trial judge’s limitation on closing argument under any set of facts.
Our unfortunate jurisprudence with respect to jury selection has for many years tied the hands of Texas trial judges in controlling voir dire. So long as a lawyer is asking relevant, non-repetitive questions to respective jurors, he or she can go on and on indefinitely — and some do. Until today, trial judges have been free to limit final arguments with no interference from us, and they have used their discretion wisely and fairly.
Of course, a judge could abuse that discretion. It is not hard to think of outrageous facts that would require reversal. This is clearly not one of them. Judge Rains set a reasonable time to argue a 1 ½ day case.
This case will hinder trial judges in controlling the length of trials. In 1988, The National Center for State Courts conducted a year-long three-state study on trial length and management. It concluded that judges who are given the tools to control the trial and use them vigorously conduct more just, efficient, and effective trials. The tools include broad discretion in setting time limits on voir dire, opening statements, evidence presentation, and closing arguments.[1] Like in setting time limits on voir dire, Texas trial judges now will be more reluctant to limit argument, fearing that we might reverse them for abusing their discretion. The safer practice will be to not limit lawyers at all, thereby letting them harangue the jury until they are brain dead.
It really isn’t too much to ask that a lawyer be concise. Good ones are.
About fifty years ago a preacher (whose name, despite extensive research, I have not been able to find) wrote in an article about sermons, “You can’t save souls after twenty minutes.” Twenty minutes was enough for argument in this case, too. *611 Because the majority finds otherwise, I dissent.

. National Center for State Courts, On Trial, NCSC 1988.